IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EDMOND QUINTEZES MOSLEY #130495**          **PETITIONER**

**v.**          **CIVIL ACTION NO. 3:16cv96-DPJ-RHW**

**JACQUELINE BANKS, Superintendent**          **RESPONDENT**

REPORT AND RECOMMENDATION

Before the Court are [1] the Petition for Writ of Habeas Corpus filed February 11, 2016 by Edmond Mosley pursuant to 28 U.S.C. 2254, and [4] Respondent's March 2, 2016 motion to dismiss the petition as time-barred under 28 U.S.C. 2244(d). Mosley has filed no response to the motion to dismiss. Instead, on March 15, 2016, Mosley filed [5] a motion asking the Court to require Respondent to file an answer or other responsive pleading. To the extent that this pleading addresses issues raised in the motion to dismiss, the undersigned has considered it in reaching his decision on Respondent's motion. Having considered the pleadings, exhibits, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief was untimely filed, and the petition should be dismissed with prejudice.

Facts and Procedural History

Edmond Mosley is currently confined at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, where Jacqueline[1] Banks is the superintendent. Mosley is in custody of the Mississippi Department of Corrections (MDOC) serving two concurrent terms of forty (40) years for convictions of armed robbery in Case Numbers 155-11 and 157-11 in the

---

[1]The MDOC web site spells Superintendent Banks' given name "Jacquelyn."

Circuit Court of Lauderdale County, Mississippi.  On March 24, 2011 Mosley and two co-defendants were indicted in each of the cases, Mosley as a habitual offender in each pursuant to MISS. CODE ANN. § 99-19-81.[2]  [1-2, pp. 81-83, 95-97]  On August 22, 2011, Mosley filed petitions to plead guilty to each of the indictments as a non-habitual offender, and in exchange for the State's dismissing five other habitual offender indictments pending against him.  [1-2, pp. 84-91, 98-105], [4-1],[4-2], [4-3, pp. 4-5, 12]  During the plea hearing, the circuit court specifically advised Mosley that the first ten years of a sentence for armed robbery with a gun would be day-for-day time and, "After that, whether it's day-for-day time, that's going to depend on your record as an inmate with MDOC and their rules and regulations."  Mosley acknowledged he understood.  [4-3, pp. 14, 30-31]  That same day, the Lauderdale County Circuit Court accepted Mosley's pleas and sentenced him to serve 40 years in each case, the sentences to run concurrently.  [1-2, pp. 92, 106], [4-4], [4-5]

With a new lawyer, on March 12, 2012 Mosley filed a motion to vacate and set aside his guilty plea as involuntary, and asserting the trial court failed to find a factual basis for the plea and failed to adequately advise him of the minimum and maximum penalties for his crime.  [4-6]  The trial court treated the motion as one for post-conviction collateral relief and denied it by order entered April 22, 2013.  [4-7]  Mosley discharged his counsel, and filed a *pro se* appeal of the trial court's denial of his post-conviction motion.  [4-8], [4-9], [4-10]  The Mississippi Court of Appeals affirmed the decision on October 28, 2014.  *Mosley v. State*, 150 So.3d 127 (Miss. App. 2014).  The Mississippi Court of Appeals issued its mandate November 18, 2014.  [4-12]

---

[2]The statute provides that one convicted of a felony, who has twice previously been convicted of any felony or federal crime and sentenced to terms of one year or more in any state or federal penal institution, "shall be sentenced to the maximum term of imprisonment" prescribed for the current charge, without eligibility for parole or probation.  The penalty for armed robbery is life imprisonment if a jury so decides, or imprisonment for any term not less than three years.  MISS. CODE ANN. § 97-3-79.

Mosley filed a petition for writ of *certiorari* on January 18, 2015.  The Mississippi Supreme Court dismissed the petition as untimely filed and not properly before the court[3] by order entered March 26, 2015.  [4-13]

## Law and Analysis

Respondents urge that Mosley's habeas petition is untimely filed in violation of the one-year statute of limitations set out in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Federal courts are required under § 2244(d)(2) to toll the time during which a properly filed state post-conviction application is pending.  *Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir. 1998).  A post conviction application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531

---

[3]One seeking review of a judgment of the Court of Appeals "must first seek review of that court's decision by filing a motion for rehearing in the Court of Appeals." ... "a petition for a writ of certiorari for review of the decision of the Court of Appeals must be filed in the Supreme Court and served on other parties within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing..."  Rule 17(b), Mississippi Rules of Appellate Procedure.  Mosley met neither of these conditions.

U.S. 4, 8, 121 S.Ct. 361, 364 (2000).  Since there is no appeal from a guilty plea in Mississippi, absent a "properly filed" post-conviction application to toll the limitations period, Mosley's time for filing a federal habeas petition expired August 22, 2012, one year after he pled guilty and was sentenced.  See *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765 (5th Cir. 2004); *Flanagan*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  As previously stated, Mosley filed a post-conviction motion March 7, 2012, which tolled the one-year statute during its pendency.  The trial court denied the motion April 22, 2013, but Mosley appealed that decision.  While the appeal was pending, Mosley sought and was granted leave to proceed *pro se*, and his lawyer was granted leave to withdraw from the case.  On October 28, 2014, the Court of Appeals affirmed the denial of the post conviction motion.  On November 18, 2014, the appellate court issued its mandate,[4] which concluded Mosley's post conviction proceedings.  Allowing tolling for the 986 days (March 7, 2012-November 18, 2014) during which his post conviction proceedings were pending, Mosley had until May 5, 2015 to file a federal habeas petition.

Mosley did not date his habeas petition before sending it for filing in this Court, but the petition arrived in the Clerk's office in an envelope stamped "SMCI Approved Legal Mail FEB 04 2016" and postmarked February 5, 2016. [1-3, p. 2]  Regardless of which date might be deemed Mosley's filing date,[5] his petition was untimely filed.  In addition, Mosley has presented no "rare and exceptional" circumstances to warrant equitable tolling of the limitations period.

---

[4]"... the mandate of the Court of Appeals shall issue 21 days after the latest of: the entry of judgment; the disposition of a timely motion for rehearing; or the denial or dismissal of a petition for *certiorari* review in the Supreme Court..."  Rule 41(b), Mississippi Rules of Appellate Procedure.

[5]Under the mailbox rule a *pro se* prisoner's federal habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court.  *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).

The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). *See also Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 811). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder*, 204 F.3d at 174). Mosley contends his counsel was ineffective in failing to seek rehearing of the appellate court's decision. However, Mosley had no attorney on appeal – in July 2013, he moved to dismiss his attorney and proceed *pro se* on appeal. [4-8] The appellate court granted him leave to proceed *pro se* by order entered August 1, 2013 [4-9], and allowed his attorney to withdraw on September 6, 2013. [4-10] The October 28, 2014 Court of Appeals opinion reflects Mosley's *pro se* status on appeal. *Mosley v. State*, 150 So.3d at 129. In *Felder*, 204 F.3d at 171, the Fifth Circuit held "proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim. *Cf. United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ)..."

Mosley does not state precisely when he again hired counsel, but his pleadings indicate he hired a former lawyer "following the decision that had been rendered by the Mississippi Court of Appeals." [5, p. 2] He contends it "is ultimately 'rare' that an (*sic*) Petitioner hires counsel after a court of appeals decision has been rendered to proceed with the writ of certiori (*sic*) in the higher court..." *Id*. Mosley's predicament resulted from his own actions in terminating his lawyer and then waiting until after the appellate court rendered its decision to hire another; such facts do not constitute "rare and exceptional" circumstances warranting equitable tolling. It is the

petitioner's burden to establish he is entitled to equitable tolling.  Mosley has not met that burden, as he has not shown any extraordinary circumstances justifying the delay in filing his petition.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).  The undersigned finds Mosley is responsible for his own procedural default in failing to timely file the present petition.  While the undersigned is of the opinion that this finding obviates the need to address Respondent's alternative argument that the petition should be dismissed for failure to exhaust state remedies, the alternative argument does present further support for dismissal of Mosley's petition.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court ... prior to requesting federal collateral relief.  *See*, *Rose v. Lundy*, 455 U.S. 509 (1982)...." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); 28 U.S.C. § 2254(b)(1) and (c).  To satisfy the exhaustion requirement, a federal habeas petitioner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.  That is, the prisoner must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).  Because he did not file a procedurally proper petition for certiorari review in the Mississippi Supreme Court, Mosley failed to exhaust the claims made in the petition.

## RECOMMENDATION

The undersigned United States Magistrate Judge recommends that [4] Respondent's motion to dismiss be granted, and Edmond Mosley's petition for habeas corpus relief dismissed as untimely filed.  In the alternative only, the undersigned recommends the petition be dismissed

for Mosley's failure to exhaust state court remedies. The undersigned further recommends that [5] Petitioner's motion for an order requiring Respondent to file an answer or other responsive pleading be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Rule 72(a)(3), *L.U.Civ.R.,* allows parties 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it. Objections must be filed with the clerk of court, served on the other parties and submitted to the assigned District Judge. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. One who fails to timely file written objections is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 6th day of October, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE